# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILDEARTH GUARDIANS,**<br>516 Alto St<br>Santa Fe, NM 87501<br><br>    Plaintiff,<br><br>vs.<br><br>**UNITED STATES BUREAU OF LAND MANAGEMENT,**<br>1849 C Street NW<br>Washington DC 20240<br><br>    Defendant. | Case No. 1:17-cv-01149<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.   The Defendant United States Bureau of Land Management ("BLM") has violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* by failing to provide a determination on Plaintiff WildEarth Guardians' FOIA request within the time limits provided by the FOIA. This lawsuit requests an order that declares that BLM has violated FOIA by withholding documents responsive to WildEarth Guardians' request, enjoins the agency to immediately provide a determination on WildEarth Guardians' FOIA request, and enjoins the agency to provide WildEarth Guardians with the files it has requested by a date certain.

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

2.   This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA.

3.   Venue is appropriate under 5 U.S.C. § 552(a)(4)(B), 703, and 28 U.S.C. § 1391.

4.   Declaratory relief is appropriate under 28 U.S.C. § 2201.

5.   Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

COMPLAINT - 1

## PARTIES

**6.** Plaintiff WILDEARTH GUARDIANS ("Guardians") is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. WildEarth Guardians has offices in Colorado, Montana, New Mexico, Arizona, Washington, and Oregon. With more than 200,000 members and supporters, Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West. The records sought in this action are requested in support of these efforts.

**7.** Specifically, Guardians submitted a FOIA request for records related to Secretary of the Interior Ryan Zinke's March 29, 2017 Secretarial Order 3349, which was designed to implement the directive in the Executive Order of March 28, 2017, to, *inter alia*, "review all existing regulations, orders, guidance documents, policies, and any other similar agency actions . . . that potentially burden the development or use of domestically produced energy resources." The failure of the Defendant to make a determination on our FOIA request and provide responsive documents in a timely manner harms Guardians and its members by denying them records and information to enable them to better understand and scrutinize the way the federal government intends to manage energy development on federal lands.

**8.** Defendant U.S. BUREAU OF LAND MANAGEMENT is a federal agency within the U.S. Department of the Interior. It is in possession and control of the records sought by Guardians, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## STATEMENT OF FACTS

**9.** On April 25, 2017, Guardians submitted a Freedom of Information Act request to BLM. The FOIA request was submitted via email and USPS certified mail, return receipt requested. The FOIA request was delivered to BLM via certified mail on May 11, 2017. The FOIA request

COMPLAINT - 2

sought all agency records of the BLM associated with three provisions of Secretary of the Interior Ryan Zinke's March 29, 2017 Secretarial Order 3349 ("SO 3349"): (1) Section 5(c)(ii), ordering the Director of the BLM to review the final rule entitled "Waste Prevention, Production Subject to Royalties, and Resource Conservation," 81 Fed. Reg. 83008, and report to the Assistant Secretary—Land and Minerals Management on whether the rule is fully consistent with the policy set forth in President Trump's March 28, 2017 Executive Order on "Promoting Energy Independence and Economic Growth" ("March 28 EO"); (2) Section 5(c)(v), ordering that, within 21 days, each agency bureau and office head provide a report on department actions that potentially burden (as that term is defined in the March 28 EO) the development or utilization of domestic oil, natural gas, coal, nuclear, and other energy resources; and (3) Section 5(b)(i), ordering that, within 14 days, each bureau and office head provide a list of all department actions they have adopted or are developing related to the Presidential Actions, reports, and guidance that are rescinded by the March 28 EO.

10.    FOIA requires that an agency "shall—[] determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. § 552(a)(6)(A)(i)

11.    Based on the date that BLM should have received the FOIA request by email, April 25, 2017, BLM was required to provide a "determination" pursuant to 5 U.S.C. § 552(a)(6)(A)(i) by May 25, 2017. If BLM did not receive the FOIA request until it was delivered by certified mail, on May 11, 2017, BLM was required to provide a "determination" by June 9, 2017.

12.    On May 25, 2017, Guardians sent BLM a letter entitled "Freedom of Information Act Request; Notice of 20-day Response Deadline Violation/Offer to Assist." The letter informed

COMPLAINT - 3

BLM that it was in violation of FOIA's requirement to make a "determination" on Guardians' FOIA request within 20 business days after receipt of the request. Guardians wrote: "By this letter, we are offering to assist your office in any way possible to facilitate the BLM's prompt and open determination on our request. Please let us know if we can provide any additional information or answer any questions to help facilitate the processing of this FOIA request. However, please be aware that legal action may be required if a determination is not promptly forthcoming."

13. Guardians emphasized that "Guardians' need to access the requested records is . . . very time sensitive." Guardians explained that the directives in the March 28 EO and SO 3349 "have the potential to radically change the way that the Department of the Interior manages energy development on public lands" and that "Guardians intends to use the requested information to better understand the potentially enormous changes in public lands policy and management that will flow from the Executive Order and the Secretarial Order, and to educate the public on these matters."

14. Specifically, the March 28 EO and SO 3349 direct BLM to identify climate policies that would be targeted for removal by the new administration. Guardians' FOIA request aims to reveal the influence of the fossil fuel industry over the orders via email or other communications, and to force BLM to release agency records that the agency has hidden from public view. For example, understanding how the administration defines and seeks to eliminate "burdens" on the fossil fuel industry is extremely important for Guardians members who are residents of energy extraction areas, so they are able to recognize how their communities and rights to clean air and water will be affected, and to all Guardians members who are concerned about climate change.

COMPLAINT - 4

**15.** This urgency is heightened as the new administration works to roll back dozens of regulations designed to protect the environment and Americans' health, and in light of President Trump's withdrawal from the Paris Climate Accord, an international agreement to lower worldwide greenhouse gas emissions in order to mitigate climate change.

**16.** To date, it has been 34 business days since Guardians' submitted its FOIA request to BLM.

**17.** The BLM has not yet issued a determination on Guardians' request.

**18.** The BLM has not communicated with Guardians at all about its request.

**19.** Guardians has fully exhausted all administrative remedies required by FOIA. 5 U.S.C. §§ 552(a)(6)(A), (a)(6)(C).

## CAUSES OF ACTION

### COUNT 1
### VIOLATION OF THE FREEDOM OF INFORMATION ACT:
### DECISION DEADLINE VIOLATION

**20.** The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**21.** Guardians has a statutory right to have BLM process its FOIA request in compliance with FOIA.

**22.** Guardians' rights were violated when BLM unlawfully failed to respond to Guardians' request with a determination within the deadline imposed by FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

**23.** Based on the nature of Guardians' organizational activities, it will undoubtedly continue to employ FOIA's provisions in information requests to BLM in the foreseeable future.

**24.** Guardians' organization activities will be adversely affected if BLM is allowed to continue violating FOIA's response deadlines as it has in this case.

COMPLAINT - 5

**25.**     Unless enjoined and made subject to a declaration of Guardians' legal rights by this Court, BLM will continue to violate Guardians rights to receive public records under the FOIA.

**26.**     Guardians is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA, for this violation. 5 U.S.C. § 552(a)(4)(E).

**COUNT II**
**VIOLATION OF THE FREEDOM OF INFORMATION ACT:**
**UNLAWFUL WITHHOLDING**

**27.**     The allegations made in all preceding paragraphs are re-alleged and incorporated by reference herein.

**28.**     Guardians has a statutory right to the records it seeks, and there is no legal basis for BLM to assert that any of FOIA's nine disclosure exemptions apply. *See* 5 U.S.C. § 552(b)(l)-(9).

**29.**     Guardians is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to FOIA, for this violation. 5 U.S.C. § 552(a)(4)(E).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

**30.**     Order Defendant in the form of injunctive relief to provide Plaintiff all of the information sought in this action by a date certain;

**31.**     Declare Defendant's failure to disclose the information requested by Plaintiff to be unlawful under FOIA, 5 U.S.C. § 552(a)(3);

**32.**     Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412, or any other applicable law; and

**33.**     Grant such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this June 13, 2017.

                                    */s/ John R. Mellgren*
                                    John R. Mellgren (D. D.C. Bar # OR0002)

COMPLAINT - 6

Western Environmental Law Center
1216 Lincoln Street
Eugene, Oregon 97401
Ph: (541) 359-0990
mellgren@westernlaw.org

*/s/ Laura H. King*
Laura H. King (MT Bar No. 13574)
(pro hac vice application pending)
Western Environmental Law Center
103 Reeder's Alley
Helena, Montana 59601
(406) 204-4852
king@westernlaw.org

*Attorneys for Plaintiff WildEarth Guardians*

COMPLAINT - 7